MATTER OF KWONG, et al.

In Visa Petition Proceedings

A-19287469–70–71–72

*Decided by Board September 18, 1975*

Section 15 of the Marriage Reform Ordinance of Hong Kong, which became effective October 7, 1971, and which provides that a marriage contracted according to Chinese law and custom subsisting on that date and registered in accordance with Part IV of that Ordinance may be dissolved, is not the sole method by which a customary marriage may be dissolved on or after October 7, 1971; an *unregistered* customary marriage may still be dissolved in Hong Kong in accordance with Chinese law and custom.

ON BEHALF OF PETITIONER: Pro se

In a decision dated March 14, 1975, we dismissed the appeal taken from the Service's denial of the four visa petitions submitted in behalf of the beneficiaries. The Service has submitted a motion requesting that we reconsider that decision. The motion will be granted, the proceedings reopened and the record remanded to the Service.

The petitioner is a citizen of the United States. He seeks immediate relative status under section 201(b) of the Immigration and Nationality Act for the beneficiaries, his wife and three stepchildren. The adult female beneficiary is a native of China, and the children are natives of Hong Kong. The children are evidently the offspring of a marriage celebrated under Chinese law and custom between the adult female beneficiary and her former husband.

The petitions were initially denied on the ground that the present marriage between the petitioner and the adult female beneficiary was not valid. The invalidity of the present marriage was allegedly the result of the failure of the adult female beneficiary to dissolve her former marriage properly. The question we must decide is whether this former marriage was legally terminated in Hong Kong under Chinese law and custom.

Although the petitioner's wife disputes the existence of a prior marriage, there is significant evidence in the record indicating that she contracted a marriage in accordance with Chinese law and custom. That marriage appears to have been terminated in September of 1974 by a mutual consent divorce executed in Hong Kong pursuant to Chinese

customary law. The Officer in Charge at Hong Kong, however, denied the petitions on the basis of section 15 of the Hong Kong Marriage Reform Ordinance, which became effective on October 7, 1971.

The pertinent portion of section 15 of the Marriage Reform Ordinance states:

(1) A customary marriage subsisting on the appointed day [October 7, 1971] and registered in accordance with Part IV may where at least one party to the marriage has a substantial connexion with Hong Kong be dissolved on or after that day in accordance with this Part.

The officer in charge evidently interpreted section 15 as establishing the sole method by which a customary marriage may be dissolved on or after the "appointed day." In our decision of March 14, 1975, we implicitly accepted that interpretation. However, in several subsequent unreported decisions we have questioned whether section 15 of the Marriage Reform Ordinance applies in any respect to a customary marriage *not* registered under Part IV of that Ordinance.

Apparently as a result of these more recent decisions, the officer in charge obtained the opinion of the Solicitor General of Hong Kong on the question of the dissolution of *unregistered* customary marriages. The Service motion includes a copy of that opinion, which indicates that *unregistered* customary marriages may still be dissolved in accordance with Chinese law and custom.

The adult female beneficiary's first marriage does not appear to have been registered under Part IV of the Marriage Reform Ordinance. The parties to that marriage separated and executed an agreement dissolving their relationship. That agreement recognizes that a husband-wife relationship existed, provides for the termination of the relationship, purports to make each party free to remarry, and provides for the custody of the children.

The December 1974 marriage between the petitioner and the adult female beneficiary appears to have been validly contracted in Hong Kong. It thus appears that our decision of March 14, 1975 was not correct. The motion will be granted.

ORDER: Our order of March 14, 1975 is withdrawn, the proceedings are reopened and the record is remanded to the Service.