18-2147
Hassan v. Rosen

BIA
A076 245 797

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-one.

PRESENT:
    DEBRA ANN LIVINGSTON,
        *Chief Judge,*
    PIERRE N. LEVAL,
    RICHARD J. SULLIVAN,
        *Circuit Judges.*

_____

NASRIN HASSAN,
        *Petitioner,*

    v.                                        18-2147
                                             NAC
JEFFREY A. ROSEN, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.**

_____

FOR PETITIONER:            Lawrence Spivak, Esq., Jamaica, N.Y.

FOR RESPONDENT:            Ethan P. Davis, Acting Assistant Attorney General; Cindy S. Ferrier,

---

* Pursuant to Fed R. App. P. 43(c)(2), Jeffrey A. Rosen is automatically substituted for former Attorney General William P. Barr.

Assistant Director; Micah Engler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nasrin Hassan, a native and citizen of Bangladesh, seeks review of a July 3, 2018, decision of the BIA denying her motion to reopen. *In re Hassan*, No. A 076 245 797 (B.I.A. July 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review its factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and number limits do not apply if the motion is filed in order to apply for asylum "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Motions to reopen are disfavored, and a movant bears the burden of demonstrating that the "new evidence offered would likely change the result in the case." *In re S-Y-G-*, 24 I. & N. Dec. 247, 251–52 (B.I.A. 2007) (quoting *In re Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992)).

Hassan's January 2018 motion was number-barred because it was her second motion, and it was untimely because she filed the motion over eight years after the BIA's September 2009 decision affirming her final order of removal. And contrary to Hassan's argument that these bars should not apply to her because she was a derivative beneficiary of her

3

husband's application, her status as a derivative beneficiary does not implicate any of the exceptions to the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3) (listing exceptions).

To the extent that Hassan based her motion to reopen on abuse that she suffered at the hands of her in-laws, the BIA did not err in concluding that any such abuse predated Hassan's arrival in the United States and thus did not reflect a change in conditions for reopening. Hassan could have raised this claim in the proceedings before the immigration judge which concluded in 2007. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Next, assuming *arguendo* that Hassan's allegations regarding her brother could otherwise support a motion to reopen, the BIA did not abuse its discretion in concluding that this evidence "would not likely change the result in the case." *In re Hassan*, No. A076 245 797, at 2. Hassan stated for the first time in connection with the present motion her fear of abuse from her brother and local authorities purportedly under his sway. However, because she did not present "objective" evidence supporting this claim, and

4

because she failed to raise it in any prior proceeding, including her 2017 motion to reopen, *id.*, the BIA did not abuse its discretion in concluding that the new evidence would not likely change the result on the merits. *See In re Coelho*, 20 I. & N. Dec. at 473.

For the foregoing reasons, the petition for review is DENIED and the BIA's decision is AFFIRMED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```